

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NANCY A. BROWN
TELEPHONE: (212) 336-1023
EMAIL: BrownN@SEC.GOV

March 22, 2018

**VIA Email and ECF**
Hon. Richard J. Sullivan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

Re:   <u>SEC v. Genovese, et al.; No. 17 Civ. 5821 (RJS)</u>

Dear Judge Sullivan:

  Plaintiff, Securities and Exchange Commission (the "Commission"), submits this letter in response to Defendants' Robert Genovese and B.G. Capital Group LTD ("BGC," and, with Defendant Genovese, "Defendants") Reply in Support of Their Motion to Dismiss the Complaint, filed March 16, 2018 ("Reply"). Because Defendants have raised new arguments for the first time in their Reply, the Commission respectfully requests that the Court either disregard them or provide the Commission with an opportunity to respond.

  While Defendants' Motion to Dismiss challenged only the sufficiency of the Commission's allegations concerning certain of Defendants' *written* communications, their Reply now complains about the sufficiency of the allegations regarding certain of Defendants' *oral* communications, offering over five pages of new argument in support. (Reply at 2-6.)[1] The Court should decline to consider these new arguments in its determination of Defendants' Motion to Dismiss. "'[A]rguments may not be made for the first time in a reply brief.'" <u>Manon v. Pons</u>, 131 F. Supp. 3d 219, 238 (S.D.N.Y. 2015) (quoting <u>Simpson v. City of N.Y.</u>, 793 F.3d 259, 264 (2d Cir. 2015)). Where reply arguments could have been raised in the opening brief, but were not, they are waived. <u>Id.</u> at 239 (citing, inter alia, <u>Cruz v. Zucker</u>, 116 F. Supp. 334, 349 n.10 (S.D.N.Y. 2015)). Defendants admit that their Motion to Dismiss does not even mention these allegations of oral misrepresentations, (Reply at 2, 6), and they should not be permitted to amend their Motion to include them now.

---

[1]   Defendants have not moved, and do not claim to have moved, to dismiss the Commission's First and Second Claims for Relief pursuant to Sections 5(a), 5(c) and 17(a) of the Securities Act. <u>See</u> Defendants' Conclusion, stating only that the Commission's Third and Fourth Claims should be dismissed. (Reply at 9.) Nor have they offered any argument to support dismissal of the Commission's Third Claim, alleging violations of Section 9(a) of the Exchange Act for market manipulation, nor the Commission's claims for scheme liability included within the Fourth Claim for Relief under Exchange Act Section 10(b) and Rules 10b-5(a) and (c) thereunder.

Hon. Richard J. Sullivan  March 22, 2018
Page 2

      In the event that the Court elects to consider Defendants' new arguments pertaining to certain of Genovese's oral misrepresentations as a basis for Defendants' liability under Section 10(b) of the Exchange Act and Rule 10b-5(b) thereunder, the Commission respectfully requests leave pursuant to the Court's Individual Rules and Practices to submit a sur-reply in response to those arguments. See Grocery Haulers, Inc. v. C&S Wholesale Grocers, Inc., No. 11 Civ. 3130 (DLC), 2012 WL 4049955, at *6 (S.D.N.Y. Sept. 14, 2012) ("[C]ourts have broad discretion to consider arguments in a sur-reply . . . particularly when new arguments are put forth in a reply brief.")(citations omitted).

                                  Respectfully submitted,

                                  Nancy A. Brown

cc:     All Defendants via e-mail