UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

-v-

GENOVESE *et al.*,

                Defendants.

No. 17-cv-5821 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    On August 1, 2017, the Securities and Exchange Commission ("SEC") commenced this action against Robert Donald Bruce Genovese and B.G. Capital Group, Ltd. (collectively, "the Genovese Defendants"), and Abraham Mirman ("Mirman"), alleging violations of the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act") in connection with a penny-stock scheme aimed at promoting and selling shares of the Liberty Silver Corporation. (Doc. No. 1.) Now before the Court are Defendants' motions to dismiss the complaint for failure to state a claim. (Doc. Nos. 22, 23.) For the reasons set forth below, Defendants' motions are DENIED.

    Although the SEC brings claims under Sections 5(a) and 5(c) of the Securities Act, Section 17(a) of the Securities Act, Section 9(a) of the Exchange Act, and Section 10(b) of the Exchange Act, the Genovese Defendants challenge only the sufficiency of the SEC's allegations of material omissions in connection with the Section 10(b) and 17(a) claims. Specifically, the Genovese Defendants argue that the SEC's allegations are insufficient because they fail to meet the pleading standard for materiality. The Court disagrees, and finds that the omissions alleged in the

Complaint are not "so obviously unimportant" as to be inactionable. *I.B. Trading, Inc. v. Tripoint Global Equities, LLC*, 280 F. Supp. 3d 524, 535 (quoting *ECA & Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 197 (2d Cir. 2009)) (internal quotation marks and citation omitted). To take just one example, the SEC alleges that the Genovese Defendants failed to disclose to investors (1) the compensation paid to various authors in exchange for touting Liberty Silver's stock, and (2) the Genovese Defendants' present intention to sell their own shares. Those allegations clearly satisfy the materiality elements of Section 10(b) of the Exchange Act and Section 17(a) of the Securities Act, and the particularity requirement of Fed. R. Civ. P. 9(b).

Mirman, for his part, argues that the SEC failed to allege that he was a "necessary participant" or a "substantial factor" in the distribution of an unregistered security, in violation of Sections 5(a) and (c) of the Securities Act. But the SEC's allegations establish that Mirman was "actively involved" and "compensated for his role" in the sale of Liberty Silver shares, and that there was no registration statement as to those securities. Accordingly, the Complaint adequately states a claim under those sections. *SEC v. Mattera*, No. 11-cv-8323 (PKC), 2013 WL 6485949, at *11 (S.D.N.Y. Dec. 9, 2013). With respect to the SEC's Section 17(a) claim, Mirman argues that the SEC failed to allege scienter. But the SEC adequately pleaded both Mirman's "motive and opportunity to commit fraud" and his "conscious misbehavior or recklessness." *Novak v. Kasaks*, 216 F.3d 300, 307 (2d. Cir. 2000). Specifically, by alleging that Mirman received commissions from Genovese's fraudulent trades and signed the Broker's representation letter *without conducting a reasonable inquiry*, the SEC sufficiently alleges the requisite scienter.

As for the aiding and abetting allegations under Sections 10(b) and 17(a), Mirman contends that even if it could be argued that Mirman knew of the scheme and its alleged purpose, the SEC

still failed to allege that he substantially assisted in it, and therefore he cannot be held liable under that theory of liability. However, the SEC's allegations establish that by opening and maintaining Genovese's brokerage accounts, signing the Broker's Representative Letter, and arranging and assisting Genovese with presentations to his brokers, Mirman "associated himself" with Genovese's venture and "participated in it as something that he wished to bring about, and that he sought by his action to make it succeed." *SEC v. Apuzzo*, 689 F.3d 204, 206 (2d Cir. 2012) (quotations omitted). As such, the SEC sufficiently alleges Mirman's aiding and abetting liability under both Section 10(b) of the Exchange Act and Section 17(a) of the Securities Act.

Accordingly, Defendants' motions to dismiss the complaint are DENIED.

IT IS HEREBY ORDERED THAT the parties shall appear for an initial conference on Tuesday, July 18, 2018 at 3:00 p.m. in Courtroom 905 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York.

IT IS FURTHER ORDERED THAT by Wednesday, July 11, 2018, the parties shall jointly submit a letter, not to exceed five (5) pages, providing the following information in separate paragraphs:

(1) A brief statement of the nature of the action and the principal defenses thereto;

(2) A brief explanation of why jurisdiction and venue lie in this Court;

(3) A brief description of all outstanding motions and/or outstanding requests to file motions;

(4) A brief description of any discovery that has already taken place, and that which will be necessary for the parties to engage in meaningful settlement negotiations;

(5) A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;

(6) The estimated length of trial; and

(7) Any other information that the parties believe may assist this Court in resolving this action.

IT IS FURTHER ORDERED THAT by Wednesday, July 11, 2018, the parties shall submit to the Court a proposed case management plan and scheduling order. A template for the order is available at: http://www.nysd.uscourts.gov/judge/Sullivan.

The status letter and the proposed case management plan should be filed on ECF and emailed to my chambers at the following address: sullivanNYSDchambers@nysd.uscourts.gov. Please consult my Individual Rules with respect to communications with chambers and related matters.

The Clerk of Court is respectfully directed to terminate the motions pending at docket numbers 22 and 23.

SO ORDERED.

Dated:   June 28, 2018
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE