UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-05821(RJS)

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ROBERT DONALD BRUCE GENOVESE,
B.G. CAPITAL GROUP, LTD.,
and ABRAHAM "AVI" MIRMAN,

Defendants.

ANSWER OF DEFENDANTS ROBERT DONALD BRUCE GENOVESE
AND B.G. CAPITAL GROUP, LTD. TO THE COMPLAINT (D.E. 5)

Defendants Robert Donald Bruce Genovese ("Genovese") and B.G. Capital Group, LTD.

("BGC") (collectively, "Defendants") provide their answer and affirmative defenses to the

Complaint (D.E. 5) of the Securities and Exchange Commission (the "SEC") and state:

SUMMARY

1.      Denied.

2.      Denied.

3.      Denied.

4.      Denied.

5.      Denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

### NATURE OF THE PROCEEDING AND RELIEF SOUGHT

13.     Defendant admits that the Commission has brought this action for the requested relief.  The remaining allegations are denied.

### JURISDICTION AND VENUE

14.     The allegations of this Paragraph attempt to assert legal conclusions; therefore, no responsive pleading is required.

15.     Defendant Genovese denies that he conducted business in this district or that he has participated in the offer of sale of securities in this district.  Defendants are without knowledge of the remaining factual allegations of this Paragraph; therefore, denied.  The remaining allegations of this Paragraph attempt to assert legal conclusions; therefore, no responsive pleading is required.

16.     Denied.

### DEFENDANTS

17.     Defendant Genovese admits that he is 55 year-old citizen of Canada and that he is the Chairman and officer of BGC.  The remaining allegations are denied.

18.     Defendant BGC admits that it is a private Barbados company.  The remaining allegations are denied.

19.     Defendants are without knowledge; therefore, denied.

### OTHER RELEVANT PERSONS AND ENTITIES

20.     Defendants admit that LBSV is a Nevada corporation headquartered in Toronto, Ontario.  The remaining allegations are denied.

21.     Defendants are without knowledge; therefore, denied.

22.     Defendants are without knowledge; therefore, denied.

23.     Defendants admit that Outlook Investments is a Panama corporation.    The remaining allegations are denied.

24.     Defendants admit that Look Back Investments is a Panama corporation.    The remaining allegations are denied.

<u>FACTS</u>

25.     Defendants admit that LBSV was incorporated in Nevada under the name Lincoln Mining Corp.  The remaining allegations are denied.

26.     Defendants are without knowledge; therefore, denied.

27.     Defendant are without knowledge; therefore, denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Defendants are without knowledge; therefore, denied.

43.     Denied.

44.     Defendants are without knowledge; therefore, denied.

45.     Denied.

46.     Denied.

47.     Defendants are without knowledge; therefore, denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Defendants are without knowledge; therefore, denied.

82.     Denied.

83.     Denied.

84.     Defendants are without knowledge; therefore, denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Defendants are without knowledge; therefore, denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Defendants are without knowledge; therefore, denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Defendants are without knowledge; therefore, denied.

102.    Defendants are without knowledge; therefore, denied.

103.    Defendants are without knowledge; therefore, denied.

104.    Defendants are without knowledge; therefore, denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.   Denied.

110.   Defendants are without knowledge; therefore, denied.

111.   Denied.

112.   Defendants are without knowledge; therefore, denied.

113.   Denied.

114.   Defendants are without knowledge; therefore, denied.

115.   Denied.

116.   Defendants are without knowledge; therefore, denied.

<u>FIRST CLAIM FOR RELIEF</u>
<u>Violations of Sections 5(a) and 5(c) of the Securities Act</u>
(Against All Defendants)

117.   Defendants repeat and incorporates their responses to Paragraphs 1 through 116 of the Complaint.

118.   Denied.

119.   Denied.

<u>SECOND CLIAM FOR RELIEF</u>
<u>Violations of Section 17(a) of the Securities Act</u>
(Against Genovese and BGC)

120.   Defendants repeat and incorporates their responses to Paragraphs 1 through 116 of the Complaint.

121.   Denied.

122.   Denied.

<u>THIRD CLIAM FOR RELIEF</u>
<u>Violations of Section 9(a) of the Exchange Act</u>
(Against Genovese and BGC)

123.   Defendants repeat and incorporates their responses to Paragraphs 1 through 116 of

the Complaint.

124.   Denied.

125.   Denied.

### FOURTH CLIAM FOR RELIEF
### Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder
(Against Genovese and BGC)

126.   Defendants repeat and incorporates their responses to Paragraphs 1 through 116 of

the Complaint.

127.   Denied.

128.   Denied.

### FIFTH CLIAM FOR RELIEF
### Aiding and Abetting Violations of Section 10(b)
### of the Exchange Act and Rule 10b-5(a) and (c) Thereunder
(Against Mirman)

129.   Defendants repeat and incorporates their responses to Paragraphs 1 through 116 of

the Complaint.

130.   The allegations of Paragraphs 130 through 131 are not directed at Defendants, and,

therefore, no responsive pleading is required.  To the extent that any allegation in Paragraphs 130

through 131 is construed as to be against Defendants, each is denied.

### SIXTH CLIAM FOR RELIEF
### Violations of Section 17(a)(1) and (3) and
### Aiding and Abetting Violations of Section 17(a)(1) and (3) of the Securities Act
(Against Mirman)

132.   Defendants repeat and incorporates their responses to Paragraphs 1 through 116

of the Complaint.

133.   The allegations of Paragraphs 133 through 135 are not directed at Defendants,

and, therefore, no responsive pleading is required.  To the extent that any allegation in

Paragraphs 133 through 135 is construed as to be against Defendants, each is denied.

### PRAYER FOR RELIEF

Defendants Genovese and BGC deny that Plaintiff is entitled to the relief requested against them.

### AFFIRMATIVE DEFENSES

As his affirmative defenses, Defendants Genovese and BGC state:

### First Affirmative Defense

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Complaint fails to state a claim upon which relief may be granted.  The Commission has not alleged facts sufficient to support a claim against Defendants.

### Second Affirmative Defense

The Commission has not alleged facts sufficient to support a claim that any representation or omission by Defendants was materially misleading or that they had a duty to provide information that the Commission claims was omitted.  It is fundamental that a statement is not a misrepresentation if the person being told the statement knows it to be false, and an omission of a fact would not be material if the person to whom a duty of disclosure might arise already knows that fact.  Cf. Santa Fe Industries, Inc. v. Green, 430 U.S. 462, 473-74 (1977) (Rule 10b-5 extended to claims of corporate mismanagement "only if the conduct alleged can be fairly viewed as 'manipulative or deceptive'").

Purchasers of Liberty Silver Corporation's stock were aware of all material information or reasonably should have been aware of all material information regarding the transactions. Accordingly, any statements or omissions by Defendants were not material.

### Third Affirmative Defense

Pursuant to Federal Rule of Civil Procedure 9(b), the Amended Complaint fails to plead fraud with the requisite degree of particularity.  Allegations of securities fraud must satisfy Federal Rule of Civil Procedure 9(b), which requires pleading with particularity.  See Ziemba v. Cascade Int'l Inc., 256 F.3d 1194, 1202 (11th Cir. 2001).  Where, as here, a complaint is made against more than one defendant, "Courts are especially vigilant in applying Rule 9(b)."  T.H.C., Inc. v Fortune Petrol Corp., No. 96 CIV.A. 2690, 1999 WL 182593, at *3 (S.D.N.Y. Mar. 31, 1999).  Rule 9(b)'s specificity requirement prohibits plaintiffs from "lumping" multiple defendants together, instead "requir[ing] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform[ing] each defendant separately of the allegations surrounding his alleged participation in the fraud."  Cordova v. Lehman Bros., Inc., No. 05-21169-CIV-MOORE/GARBER, 2007 WL 4287729, at *6 (S.D. Fla. Dec. 7, 2007) (quoting Bruhl v. Price Waterhouse Coopers Int'l, No. 03-23044-CIV, 2007 WL 997362, at *3 (S.D. Fla. Mar. 27, 2007)).

The Complaint confusingly and misleadingly lumps together Defendants Genovese and BGC.  Repeatedly, it alleges conduct by both Genovese and BGC without distinguishing what specific conduct BGC was engaged in.  The Complaint also confusingly lumps together Defendants Genovese, BGC and Abraham "Avi" Mirman in its request "to disgorge their ill-gotten gains received as a result of the conduct alleged herein, plus prejudgment interest thereon."  The Commission should be required to replead its claims so that Defendants Genovese and BGC are clearly apprised of what is alleged against them and sought from them.

<u>Fourth Affirmative Defense</u>

The Complaint fails to state a claim upon which relief could be granted because Defendants Genovese and BGC, in good faith, reasonably relied upon the opinion of accountants, counsel and financial advisors that their actions were in full compliance with all laws and regulations.

Fifth Affirmative Defense

The claims are barred, in whole or in part, by the applicable statute of limitations.

Sixth Affirmative Defense

The equitable claims are barred, in whole or in part, by the doctrine of laches.

Seventh Affirmative Defense

The Commission's requested relief is not supported by the nature and scope of the alleged violations that, even if true, caused no investor harm.

Eighth Affirmative Defense

The Court's exercise of the equitable remedy of disgorgement extends only over property causally related to the wrongdoing.  Disgorgement that exceeds the amount of ill-gotten gains received is an improper penalty and must be overturned.  See SEC v. Blatt, 583 F.2d 1325, 1335 (5th Cir. 1978); see also SEC v. Manor Nursing Ctrs., Inc., 458 F.2d 1082 (2d Cir. 1972) (reducing disgorgement where it exceeds proceeds received).  The Commission is not entitled to the remedy of disgorgement against Defendants Genovese and BGC "to disgorge their ill-gotten gains received as a result of the conduct alleged herein, plus prejudgment interest thereon."  The amount of disgorgement against Defendants Genovese cannot exceed the value of the property causally related to his alleged wrongdoing.

Ninth Affirmative Defense

Where there are multiple defendants, as here, the Court may "mak[e] each party severally but not jointly liable for its equitable share of the combined profits."  SEC v. Asolutefuture.com, 393 F.3d 94 (2d Cir. 2004) (holding individual defendant jointly and severally liable with the corporation); see also SEC. v. U.S. Pension Trust Corp., No. 07-22570-CIV, 2010 WL 3894082 (S.D. Fla. Sept. 30, 2010) (holding employees liable for only that portion of the total profits that

represented his or her respective salary).  Defendants Genovese and BGC were not responsible for all the acts or courses of conduct alleged.  Accordingly, the disgorgement sought is not available to the Commission.

Tenth Affirmative Defense

The Commission's claims for injunctive relief should be dismissed because the Commission has an adequate remedy at law.

DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Defendants Genovese and BGC demand a trial by jury on all issues triable by a jury as a matter of right.

DATED: July 13, 2018

Respectfully submitted,

**LYNCH ROWIN LLP**

By:____/s/Marc Rowin_____
        Marc Rowin (MR6758)
30 Vesey Street, 8th Floor
New York, New York 10007
(212) 682-4001
mrowin@lynchrowin.com
*Attorneys for Defendants Robert Donald*
*Bruce Genovese and B.G. Capital Group Ltd.*