

UNITED STATES
**SECURITIES AND EXCHANGE SEC**
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

JACK KAUFMAN
(212) 336-0106
KAUFMANJA@SEC.GOV

February 22, 2019

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

      Re:    <u>SEC v. Genovese, et al., No. 17 Civ. 5821 (LGS) (S.D.N.Y.)</u>

Dear Judge Schofield:

      Pursuant to the Court's Second Amended Civil Case Management Plan and Scheduling Order, and Individual Rule IV.A.2., Plaintiff Securities and Exchange SEC (the "SEC") respectfully submits this joint status report, with input from counsel for Defendants Robert Genovese ("Genovese") and B.G. Capital Group Ltd. (collectively, "Genovese Defendants"), and Abraham Mirman ("Mirman") (all Defendants collectively, "Defendants").

**I.**      **What Discovery Has Taken Place**

      **A.**      **Document Discovery**

      On September 10, 2018, the parties exchanged the following initial document requests: the SEC sent Defendants it first sets of document requests; Mirman and the Genovese Defendants sent the SEC their first sets of document requests; and the Genovese Defendants sent Mirman a set of document requests.

      On October 10, 2018, the SEC sent Defendants its written responses and objections to their document requests. Also, on October 10 and 23, respectively, the SEC sent first Mirman, and then the Genovese Defendants, each a computer hard drive containing approximately 534,756 documents in response to their initial document requests. On November 5, the SEC provided all Defendants its privilege log regarding that production. On December 12, 2018, the SEC sent Defendants approximately 325 additional documents in response to their initial document requests and, on February 1, 2019, sent Defendants a privilege log for that second document production.

      On October 10, 2018, Defendant Mirman sent the SEC his written responses and objections to the SEC's first document requests, and on November 21, his supplemental written responses and objections. Also on November 21, Mirman sent the SEC approximately 227 documents (in electronic format) in response to the SEC's initial document requests.

On October 17, 2018, the Genovese Defendants sent the SEC their written responses and objections to the SEC's document requests. On December 11, 2018, the Court ordered the Genovese Defendants to produce responsive documents to the SEC by January 7, 2019, and on January 7, the Court granted the Genovese Defendants' motion for an extension of time (until January 14) to produce documents to the SEC, (DE 73). On January 10, 2019, however, the Court stayed this case due to the government shutdown (DE 79). On January 23, 2019, the Genovese Defendants produced 1,880 documents to the SEC in electronic format.

On September 10, 2018, the Genovese Defendants sent Mirman its First Request for the Production of Documents. To date, Mirman has not produced any documents. Mirman has agreed to produce all responsive documents to the Genovese Defendants on or before March 8, 2019. Defendant Mirman believes most if not all of the documents that are responsive to the Genovese Defendants' document requests were previously produced by Defendant Mirman to the SEC, and were included in the SEC's production to the Defendants in this case, and are therefore likely already in the possession of the Genovese Defendants. However, Defendant Mirman will review his prior to productions to the SEC and produce any additional responsive documents that may not already be in the possession of the Genovese Defendants, if any such documents exist.

On October 16 and 17, 2018, the SEC sent document subpoenas to five of the individuals upon whom Defendants then claimed to have relied for legal or other advice.[1] Four of those individuals responded and produced documents to the SEC, as follows: Robert Bursky made a partial production of approximately 100 pages of documents on November 21 and 23, 2018;[2] Joseph Castellano provided three documents on or about November 15 and 19, 2018; Marco Markin provided approximately 21 pages of documents on November 14, 2018; and Charles Pearlman provided 66 documents on November 16, 2018. The fifth individual, Richard Nummi, has not yet responded to the SEC's document subpoena but has informed the SEC that he intends to do so.

### B.   Deposition Discovery

On January 7 and 8, 2019, the SEC noticed eight of the ten depositions it currently anticipates taking in this case, scheduling those depositions between January 30 and March 22, 2019 (at that time, fact discovery was scheduled to close March 25). The SEC simultaneously sent corresponding deposition subpoenas to six of those deponents (the other two deponents are

---

[1] Since then, the Genovese Defendants have represented that they no longer intend to assert a reliance of counsel defense in this case, and Defendant Mirman has stated that he may have relied on one or more of the following individuals: Robert Bursky, Joseph Castellano, Richard Nummi, and Michael Egan.

[2] Mr. Bursky is a former counsel to John Thomas Financial ("JTF"), and he produced certain documents, but withheld others on grounds of JTF's potential attorney-client privilege. On January 4, 2019, the Court issued an Order to Show Cause to resolve Defendant Mirman's own similar JTF attorney-client privilege claim as to documents Mirman currently is withholding from the SEC, and the hearing on that Order is scheduled for March 5, 2019.

Hon. Lorna G. Schofield
February 22, 2019
Page 3

Defendants Genovese and Mirman). Due to the subsequent government shutdown, the Court stayed this case (from January 10-25, 2019) and adjourned "the dates of any noticed depositions." On February 12, 2019, the Court issued a revised discovery schedule, and fact discovery now closes on June 14, 2019. Since February 12, the SEC and Defendants have exchanged available deposition dates, and the SEC has been contacting its deponents to reschedule their depositions.

The Defendants are in the process of conferring with the SEC to efficiently and economically schedule depositions of witnesses located throughout the country.

II.     **Procedural History of this Case**

On August 1, 2017, the SEC filed its Complaint in this case. (DE 1 & 5.) On February 2, 2018, Defendants moved to dismiss the Complaint, and that motion was fully briefed by March 22, 2018. (DE 22-30.) On June 29, 2018, the Court denied Defendants' motions to dismiss (DE 31). On July 13, 2018, Defendants filed their Answers to the Complaint (DE 33-34.)

On July 19, 2018, the Court issued its original Civil Case Management Plan and Scheduling Order in this case. (DE 36.)

On August 3, 2018, after discussion with SEC counsel, the Genovese Defendants voluntarily withdrew their Sixth Affirmative Defense from their Answer (which alleged that the SEC's "equitable claims are barred, in whole or in part, by the doctrine of laches").

Also on August 3, the SEC requested a pre-motion conference regarding its proposed motion to strike certain of Defendant Mirman's alleged affirmative defenses from his Answer, and Mirman filed his response letter on August 8, 2018. (DE 41 & 48.) On September 5, 2018, the Court held a pre-motion conference, after which the SEC determined to reserve its motion in the event that Defendant Mirman's discovery requests in support of those defenses prejudiced the SEC.

On December 6, 2018, the SEC requested a pre-motion conference regarding its proposed motion to compel Defendant Mirman to produce certain documents he is withholding on the basis of potential attorney-client privilege of JTF. (DE 64.) On January 4, 2019, in response to that motion – and after hearing argument from the SEC and Mirman at a December 11 status conference – the Court issued an Order to Show Cause requiring any "entity or person -- including JTF -- that intends to assert the attorney-client privilege or other privilege or protection regarding the Communications [at issue] to prevent their disclosure in this litigation" to "file by January 18, 2019, a letter stating the basis for such privilege," and to appear at a January 24 hearing (and further stating that, if "no such letters are filed, the hearing will be cancelled"). (DE 71.) Due to the January 2019 government shutdown, the Court subsequently rescheduled the order-to-show-cause hearing to March 5, 2019 (DE 89).[3]

---

[3] If the Court ultimately determines that Defendant Mirman cannot withhold documents based on any JTF privilege – and depending upon the scope of any such ruling – the SEC may need to revisit this issue as to

Hon. Lorna G. Schofield
February 22, 2019
Page 4

Immediately after its December 11 status conference, the Court issued an Amended Civil Case Management Plan and Scheduling Order. (DE 67.)

On January 9, 2019, the SEC moved to stay this case, pending the end of the Federal Government shutdown (DE 74). On January 10, the Genovese Defendants filed an opposition to that motion, and the SEC filed a reply the same day. (DE 75 & 76.) On January 10, 2019, the Court stayed this case pending the end of the government shutdown (which ended January 25). Also on January 10, in response to the SEC's letter motion, Magistrate Judge Parker rescheduled the Court settlement conference in this case from January 24 to April 15, 2019. (DE 78.)

On February 12, 2019, on joint request of the parties, the Court issued its Second Amended Civil Case Management Plan and Scheduling Order, resetting all pretrial dates, including the close of fact discovery (June 14, 2019) and the close of expert discovery (September 13, 2019). (DE 87.)

**III.    The Parties' Plans to Meet Court-Ordered Discovery Deadlines**

The parties believe that most of their anticipated document discovery is completed, and that remaining fact discovery primarily concerns depositions. On January 7 and 8, the SEC noticed eight of its ten anticipated depositions in this case based on the original (March 25) fact discovery cutoff in this case. As noted above, since February 12 (when the Court reset the discovery schedule), the parties have been working to reschedule depositions and expect to be able to complete that process shortly.

Respectfully submitted,
/s/
Jack Kaufman
Senior Trial Counsel
Division of Enforcement

cc:    All Defendants, via ECF.

---

certain third-party witnesses. For example, former JTF counsel Robert Bursky has withheld certain documents from the SEC based on JTF's potential privilege, and Mr. Bursky has notified the SEC that, absent an appropriate Court order, he likewise may need to assert JTF's privilege at his anticipated deposition in this case (regarding his written or oral communications with Mr. Mirman or others at JTF). In addition, if the Court determines that no documents should be withheld on the basis of any JTF privilege, Defendant Mirman would likewise expect the SEC to produce any responsive documents it has withheld on the basis of such privilege.