USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/1/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,    :
    :
    Plaintiff,    :    17 Civ. 5821 (LGS)
    :
    -against-    :    ECF CASE
    :
ROBERT DONALD BRUCE GENOVESE,    :
B.G. CAPITAL GROUP, LTD.,    :
and ABRAHAM "AVI" MIRMAN,    :
    :
    Defendants.    :
------------------------------------------------------------------------x

## FINAL JUDGMENT AS TO DEFENDANTS
## ROBERT GENOVESE AND B.G. CAPITAL GROUP, LTD.

The Securities and Exchange Commission having filed a Complaint and Defendants

Robert Genovese ("Genovese") and B.G. Capital Group, Ltd. ("BGC") (collectively,

"Defendants") having each entered a general appearance; consented to the Court's jurisdiction

over Defendants and the subject matter of this action; consented to entry of this Final Judgment

without admitting or denying the allegations of the Complaint (except as to jurisdiction and

except as otherwise provided herein in paragraph IX); waived findings of fact and conclusions of

law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination

under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants'

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendants or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendants are permanently restrained and enjoined from violating, directly or indirectly,

Exchange Act Section 9(a) [15 U.S.C. § 78i(a)], by the use of the mails or any means or

instrumentality of interstate commerce, or of any facility of any national securities exchange, or

for any member of a national securities exchange:

(1)     For the purpose of creating a false or misleading appearance of active trading in

any security other than a government security, or a false or misleading appearance

with respect to the market for any such security:

a.   Effecting any transaction in such security which involves no change in

beneficial ownership thereof; or

b.   Entering an order or orders for the purchase or sale of such security with the

knowledge that an order or orders of substantially the same size, at

substantially the same time, and at substantially the same price, for the sale or

purchase of any security, has been or will be entered by or for the same or

different parties; or

4

(2)     Effecting, alone or with one or more other persons, a series of transactions in any

security registered on a national securities exchange, any security not so

registererd, or in connection with any security-based swap or security-based swap

agreement with respect to such security creating actual or apparent active trading

in such security, or raising or depressing the price of such security, for the

purpose of inducing the purchase or sale of such security by others.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants'

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendants or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

Genovese is permanently barred from participating in an offering of penny stock, including

engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing

or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity

security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the

Exchange Act [17 C.F.R. 240.3a51-1].

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendants are liable, jointly and severally, for disgorgement of $3,813,046.32, representing

profits gained as a result of the conduct alleged in the Complaint, together with prejudgment

interest thereon in the amount of $386,953.68; and that Defendant Genovese is liable for a civil

penalty in the amount of $300,000 pursuant to Securities Act Section 20(d), 15 U.S.C. § 77t(d), and Exchange Act Section 21(d)(3), 15 U.S.C. § 78u(d)(3). Defendants shall satisfy their disgorgement and prejudgment interest obligation by paying $4,200,000, and Defendant Genovese shall satisfy his civil penalty obligation by paying $300,000, to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph VII below after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Genovese and BGC as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after 30 days following entry of this Final Judgment.  Defendants shall pay post

judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission

shall hold the funds, together with any interest and income earned thereon (collectively, the

"Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's

approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund

provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain

jurisdiction over the administration of any distribution of the Fund.  If the Commission staff

determines that the Fund will not be distributed, the Commission shall send the funds paid

pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be

paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the

government for all purposes, including all tax purposes.  To preserve the deterrent effect of the

civil penalty, Defendant Genovese shall not, after offset or reduction of any award of

compensatory damages in any Related Investor Action based on Defendants' payment of

disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or

reduction of such compensatory damages award by the amount of any part of Defendant

Genovese's payment of a civil penalty in this action ("Penalty Offset").  If the court in any

Related Investor Action grants such a Penalty Offset, Defendant Genovese shall, within 30 days

after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this

action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund,

as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and

shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For

purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Genovese and BGC shall pay the total of $4,200,000 in disgorgement and prejudgment interest, and Defendant Genovese shall pay the $300,000 penalty, in four installments to the Commission according to the following schedule. Defendants shall pay a total of $4,200,000 in disgorgement and prejudgment interest as follows: (1) $100,000 within 30 days of entry of this Final Judgment; (2) $700,000 within 120 days of entry of this Final Judgment; (3) $1,000,000 within 240 days of entry of this Final Judgment; and (4) $2,400,000 within 365 days of entry of this Final Judgment. In addition, Defendant Genovese shall pay the $300,000 penalty within 120 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Defendants Genovese and BGC shall contact the staff of the Commission for the amount due for the final payment.

If Defendants Genovese or BGC fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants'

Consents are incorporated herein with the same force and effect as if fully set forth herein, and

that Defendants shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of

exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the

allegations in the complaint are true and admitted by Defendant Genovese, and further, any debt

for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant

Genovese under this Final Judgment or any other judgment, order, consent order, decree or

settlement agreement entered in connection with this proceeding, is a debt for the violation by

Defendant Genovese of the federal securities laws or any regulation or order issued under such

laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

SO ORDERED.

Dated: _____ July 1 __, 2019
                New York, New York


                                        _____
                                        LORNA G. SCHOFIELD
                                        UNITED STATES DISTRICT JUDGE