

UNITED STATES
**SECURITIES AND EXCHANGE SEC**
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

JACK KAUFMAN
(212) 336-0106
KAUFMANJA@SEC.GOV

October 15, 2019

<u>VIA ECF</u>
The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

      Re:    <u>SEC v. Genovese, et al.</u>, No. 17 Civ. 5821 (LGS) (S.D.N.Y.)

Dear Judge Schofield:

      Pursuant to the Court's Third Amended Civil Case Management Plan and Scheduling Order, and Individual Practice Rule IV.A.2., Plaintiff Securities and Exchange Commission (the "SEC") respectfully submits this joint status report, with input from counsel for Defendant Abraham Mirman ("Mirman"), the sole remaining defendant in this case. On July 1, 2019, the Court entered a consent Final Judgment against the other two original defendants in this case, Robert Genovese and B.G. Capital Group, Ltd. (the "Genovese Defendants"). This letter refers to all three of the original defendants collectively as "Defendants."

**I.**    <u>**What Discovery Has Taken Place**</u>

      **A.**    <u>**Document Discovery**</u>

      On September 10, 2018, the parties exchanged the following initial document requests: the SEC sent Defendants its first set of document requests; Mirman and the Genovese Defendants sent the SEC their first sets of document requests; and the Genovese Defendants sent Mirman a set of document requests.

      On October 10, 2018, the SEC sent Defendants its written responses and objections to their document requests. Also, on October 10 and 23, respectively, the SEC sent first Mirman, and then the Genovese Defendants, each a computer hard drive containing approximately 534,756 documents in response to their initial document requests. On November 5, the SEC provided all Defendants its privilege log regarding that production. On December 12, 2018, the SEC sent Defendants approximately 325 additional documents in response to their initial document requests and, on February 1, 2019, sent Defendants a privilege log for that second document production.

Hon. Lorna G. Schofield
October 15, 2019
Page 2

On October 10, 2018, Defendant Mirman sent the SEC his written responses and objections to the SEC's first document requests, and on November 21, his supplemental written responses and objections. Also on November 21, Mirman sent the SEC approximately 227 documents (in electronic format) in response to the SEC's initial document requests.

On October 17, 2018, the Genovese Defendants sent the SEC their written responses and objections to the SEC's document requests. On December 11, 2018, the Court ordered the Genovese Defendants to produce responsive documents to the SEC by January 7, 2019, and on January 7, the Court granted the Genovese Defendants' motion for an extension of time (until January 14) to produce documents to the SEC (DE 73). On January 10, 2019, however, the Court stayed this case due to the government shutdown (DE 79). On January 23, 2019, the Genovese Defendants produced 1,880 documents to the SEC in electronic format.

On September 10, 2018, the Genovese Defendants sent Mirman their First Request for the Production of Documents. Mirman responded and agreed to produce any non-privileged documents not already produced by the SEC.

On October 16 and 17, 2018, and on March 15, 2019, the SEC sent document subpoenas to six of the individuals upon whom Defendants then claimed to have relied for legal or other advice.[1] Those individuals responded as follows: Robert Bursky made a partial production of approximately 100 pages of documents on November 21 and 23, 2018;[2] Joseph Castellano provided three documents on or about November 15 and 19, 2018; Marco Markin provided approximately 21 pages of documents on November 14, 2018; Charles Pearlman provided 66 documents on November 16, 2018; and Michael Egan responded on March 15, 2019 that he does not possess documents responsive to his subpoena. On March 18, 2019, the sixth individual, Richard Nummi, responded by stating that, other than documents he produced during the SEC's pre-litigation investigation, he does not possess any additional documents responsive to the SEC's document subpoena. On March 29, 2019, the SEC sent a document subpoena to former JTF Investment Banking Managing Director Daniel Guilfoile, requesting production by April 11. Mr. Guilfoile produced responsive documents on April 16, 2019. On April 25, 2019, the Commission issued a subpoena for certain of Mr. Guilfoile's bank records, and the bank produced responsive records on June 7, 2019.

On March 15 and 18, 2019, Anastasios Belesis, Managing Member of ATB Holdings, LLC, JTF's owner, waived attorney-client privilege concerning JTF's dealings concerning the stock of Liberty Silver Corporation ("LBSV"), the stock at issue in this case. That waiver prompted the following additional document productions. On April 4 and 15, 2019, Mr. Bursky produced a total of 29 additional pages of documents previously withheld on privilege grounds.

---

[1] Defendant Mirman subsequently stated that he may have relied on one or more of the following individuals: Robert Bursky, Joseph Castellano, Richard Nummi, and Michael Egan. The Genovese Defendants have since settled with the SEC.

[2] Mr. Bursky is a former counsel to John Thomas Financial ("JTF"), and he produced certain documents, but initially withheld others on grounds of JTF's potential attorney-client privilege.

On March 29, 2019, Defendant Mirman produced approximately 100 documents previously withheld on privilege grounds. On April 12, 2019, Mr. Mirman additionally produced previously withheld text messages. Mr. Mirman is not currently withholding any documents on the basis of any potential attorney-client privilege of JTF. In addition, after diligent investigation and inquiry, Mr. Mirman does not believe that he is in possession of any additional text messages responsive to the SEC's requests. On April 2, 2019, the SEC produced 13,913 documents obtained from JTF, and Messrs. Belesis and Nummi, which the SEC previously had segregated as potentially privileged. The SEC has produced to Defendants all documents received to date from the subpoenaed third parties.

### B. Interrogatories and Requests to Admit

On May 3, 2019, Defendants served their first sets of interrogatories on the SEC; Mirman served his first set of requests to admit on the SEC; and the SEC served its first sets of interrogatories and requests to admit on Defendants. On June 11 and 12, 2019, the SEC and Mirman served their responses to the SEC's and Mirman's interrogatories and requests to admit. The Genovese Defendants' interrogatory requests to the SEC were rendered moot by their subsequent settlement with the SEC, and for this reason, the SEC did not respond to those interrogatories.[3]

### C. Deposition Discovery

On May 22, 2019, the Court issued a temporary stay of deposition discovery, pending finalization of the SEC settlement with the Genovese Defendants. Prior to that stay, the SEC had completed three depositions in this case. On July 1, the Court entered the SEC/Genovese Defendants settlement. On July 15, 2019, the Court issued its Third Amended Civil Case Management Plan, which includes a November 1, 2019 fact discovery deadline. Since then, the SEC has taken three additional depositions, and the SEC has scheduled its remaining two depositions on dates between now and November 1. Defendant Mirman intends to take three depositions between now and November 1, one of which Mirman is in the process of rescheduling.

### II. Procedural History of this Case

On August 1, 2017, the SEC filed its Complaint in this case. (DE 1 & 5.) On February 2, 2018, Defendants moved to dismiss the Complaint, and that motion was fully briefed by March 22, 2018. (DE 22-30.) On June 29, 2018, the Court denied Defendants' motions to dismiss (DE 31). On July 13, 2018, Defendants filed their Answers to the Complaint (DE 33-34.)

---

[3] On May 22, 2019, the Court granted the parties' joint request to stay deposition discovery, and written discovery with the Genovese Defendants, pending the SEC's and Court's authorization of the proposed settlement between the SEC and Genovese Defendants. The Court entered that settlement on July 1, 2019.

Hon. Lorna G. Schofield
October 15, 2019
Page 4

On July 19, 2018, the Court issued its original Civil Case Management Plan and Scheduling Order in this case. (DE 36.)

On August 3, 2018, after discussion with SEC counsel, the Genovese Defendants voluntarily withdrew their Sixth Affirmative Defense from their Answer (which alleged that the SEC's "equitable claims are barred, in whole or in part, by the doctrine of laches").

Also on August 3, the SEC requested a pre-motion conference regarding its proposed motion to strike certain of Defendant Mirman's alleged affirmative defenses from his Answer, and Mirman filed his response letter on August 8, 2018. (DE 41 & 48.) On September 5, 2018, the Court held a pre-motion conference, after which the SEC determined to reserve its motion in the event that Defendant Mirman's discovery requests in support of those defenses prejudiced the SEC.

On December 6, 2018, the SEC requested a pre-motion conference regarding its proposed motion to compel Defendant Mirman to produce certain documents he is withholding on the basis of potential attorney-client privilege of JTF. (DE 64.) On January 4, 2019, in response to that motion – and after hearing argument from the SEC and Mirman at a December 11 status conference – the Court issued an Order to Show Cause requiring any "entity or person -- including JTF -- that intends to assert the attorney-client privilege or other privilege or protection regarding the Communications [at issue] to prevent their disclosure in this litigation" to "file by January 18, 2019, a letter stating the basis for such privilege," and to appear at a January 24 hearing (and further stating that, if "no such letters are filed, the hearing will be cancelled"). (DE 71.) Due to the January 2019 government shutdown, the Court subsequently rescheduled the order-to-show-cause hearing, ultimately to March 19, 2019 (DE 93). As noted above, on March 15 and 18, 2019, Mr. Belesis waived JTF's attorney-client privilege concerning LBSV stock, and the Court cancelled the March 19 Order to Show Cause hearing.

Immediately after its December 11 status conference, the Court issued an Amended Civil Case Management Plan and Scheduling Order. (DE 67.)

On January 9, 2019, the SEC moved to stay this case, pending the end of the Federal Government shutdown (DE 74). On January 10, the Genovese Defendants filed an opposition to that motion, to request the Court either strike the SEC's notice of depositions or otherwise afford all counsel ample time to coordinate depositions. (DE 75). The SEC filed a reply the same day. (DE 76.) On January 10, 2019, the Court stayed this case pending the end of the government shutdown (which ended January 25) and adjourned the noticed depositions until the parties could confer after the government shutdown. (DE 79). Also on January 10, in response to the SEC's letter motion, Magistrate Judge Parker rescheduled the Court settlement conference in this case from January 24 to April 15, 2019. (DE 78.)

On February 12, 2019, on joint request of the parties, the Court issued its Second Amended Civil Case Management Plan and Scheduling Order, resetting all pretrial dates, including the close of fact discovery (June 14, 2019) and the close of expert discovery (September 13, 2019). (DE 87.)

Hon. Lorna G. Schofield
October 15, 2019
Page 5

On May 22, 2019, the Court granted the parties' joint request to stay deposition discovery – and all written discovery as to the Genovese Defendants – pending the SEC's review of the then-pending settlement agreement-in-principle between the SEC and the Genovese Defendants. The SEC subsequently authorized that settlement, which the Court entered on July 1, 2019. On July 15, 2019, with joint input from the remaining parties, the Court issued its Third Amended Civil Case Management Plan, which includes a November 1, 2019 fact discovery deadline.

### III.   The Parties' Plans to Meet Court-Ordered Discovery Deadlines

The parties have completed virtually all anticipated document discovery, and remaining fact discovery primarily concerns depositions. As noted above, the SEC plans to take its two remaining depositions, and Mirman plans to take his three depositions, by the close of fact discovery, November 1, 2019.

                                                  Respectfully submitted,
                                                  /s/
                                                  Jack Kaufman,
                                                  Senior Trial Counsel

cc:      Counsel for Defendant Abraham Mirman, via ECF.