```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
SECURITIES AND EXCHANGE                                      :
COMMISSION,                                                  :
                                      Plaintiff,             :     17 Civ. 5821 (LGS)
                                                             :
              -against-                                      :     ORDER
                                                             :
ROBERT GENOVESE, et al.,                                     :
                                      Defendants.            :
                                                             :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on January 14, May 6 and May 13, 2022, the parties filed motions in limine, including four from Plaintiff Securities and Exchange Commission ("SEC") and five from Defendant Abraham "Avi" Mirman, which will be addressed in a separate order;

WHEREAS, on August 29, 2022, the parties filed a joint proposed pre-trial order, and Mirman filed two letter motions seeking leave to file motions to compel further discovery from the SEC and three additional motions in limine, all of which were filed long after applicable deadlines for discovery and motions in limine, but which include arguments about why they should nonetheless be treated as timely;

WHEREAS, the jury trial in this action is scheduled to begin on October 11, 2022;

WHEREAS, the parties' joint pretrial order estimates that each side will need five to seven trial days to present their direct case, but the parties' witness lists include several witnesses that both sides intend to call and several witnesses whose testimony apparently will be cumulative of other witnesses' testimony, and the Court's practice is for each witness to be called only once and not to permit cumulative testimony;

WHEREAS, the Court has considered the parties' proposed trial length.  It is hereby

**ORDERED** that the trial currently scheduled to begin on October 11, 2022, is **adjourned** and will now begin on **December 5, 2022**, and will proceed thereafter from Monday to Thursday. Any party may file a letter not to exceed three pages stating any conflicts with the new trial date by **September 7, 2022**.  It is further

**ORDERED** that, during the trial, there will be approximately five hours of testimony each day.  The parties shall be prepared for jury selection, opening statements and the beginning of testimony on the first day of trial.  After the first day, the parties shall be prepared to present five hours of testimony per day beginning at 10:00 A.M. and concluding at approximately 4:45 P.M.  Based on the Court's evaluation of the parties' witness list in light of the claims remaining to be tried, the parties will have 16 hours each for opening statements, direct and cross, i.e., any time that counsel are on their feet other than summations.  Time limits for summations will be determined later.  It is further

**ORDERED** that the parties shall meet and confer in an effort to resolve disputes over the admissibility of exhibits described in the joint proposed pre-trial order, and file, by **September 16, 2022**, a revised exhibit list reflecting any additional exhibits and that can be pre-admitted based on the parties' discussions, and a joint letter reflecting the parties' respective arguments about admissibility of exhibits (grouping multiple exhibits together to the extent possible).  The Court has a practice of pre-admitting exhibits, when possible, to avoid wasting the parties' limited trial time and the jury's time with procedural matters surrounding the admission of exhibits.

**ORDERED** that the parties shall advise the court by 12:00 p.m. two trial days in advance of their intention to present particular deposition testimony to the jury so that the Court can rule on any challenged deposition designations.  Concurrent with that advice, the parties shall provide

the Court with the transcript of the testimony to be presented, marked to show only the disputed designations (e.g., designations and counter designations highlighted in different colors) with the basis for the objection noted in the margin (e.g., "Rule 801, 802" or "hearsay"). *See* the Court's Individual Rule IV.B.2.g. The parties need not submit additional briefing on the admissibility of deposition designations. It is further

**ORDERED** that, by **September 9, 2022**, the SEC shall file letters in response to Mirman's letters at Dkt. Nos. 265 and 266, not to exceed three pages each. It is further

**ORDERED** that, by **September 23, 2022**, the SEC shall file memoranda of law in opposition to Mirman's recently filed motions in limine, not to exceed five pages each. It is further

**ORDERED** that the final pretrial conference scheduled for September 15, 2022, is **adjourned** to **November 15, 2022, at 2:30 P.M.** The conference will be held in person in Courtroom 1106 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York, 10007

Dated: August 31, 2022
        New York, New York

                                    _____
                                    **LORNA G. SCHOFIELD**
                                    **UNITED STATES DISTRICT JUDGE**