```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
SECURITIES AND EXCHANGE                                       :
COMMISSION,                                                   :
                                  Plaintiff,                  :    17 Civ. 5821 (LGS)
                                                              :
          -against-                                           :    ORDER
                                                              :
ROBERT GENOVESE, ET AL.,                                      :
                                  Defendants.                 :
                                                              :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on August 29, 2022, Defendant Abraham "Avi" Mirman filed two letter motions to compel discovery from Plaintiff Securities and Exchange Commission ("SEC"). The motions are resolved as follows:

1. Defendant moves to compel production of the audio recording made by a confidential government informant during a meeting with Robert Genovese, Anastasios "Tommy" Belesis, and Defendant, as well as any transcripts, notes or summaries of that recording (Dkt. No. 265). This motion is GRANTED. The SEC shall obtain the recording and produce it to Defendant as soon as possible and no later than **September 16, 2022**.

Defendant has offered evidence that materials in the possession of the U.S. Attorney's Office for the District of New Jersey ("USAO-DNJ") that relate to that office's joint investigation of Defendant are within the possession, custody or control of the SEC. The collaboration between the agencies was evidently far more extensive than in cases that have treated Department of Justice documents as off-limits to the SEC. *See, e.g., SEC v. Collector's Coffee Inc.*, 337 F.R.D. 70, 76 (S.D.N.Y. 2020) ("Here, there is no evidence of any ongoing cooperation. Rather, the evidence is that the FBI and SEC engaged in a single joint interview.")

(citing *United States v. Martoma*, 990 F. Supp. 2d 458, 460-61 (S.D.N.Y. 2014)).  The SEC was previously provided the recording once for the purpose of taking notes and possibly transcribing it.  *Cf. SEC v. Stanard*, No. 06 Civ. 7736, 2007 WL 1834709, at *3 (S.D.N.Y. June 26, 2007) ("In this case, however, the USAO has actively refused to provide the FBI notes to the SEC or even to allow the SEC to copy them.").

If the USAO-DNJ refuses to provide the recording to the SEC for production, the SEC shall file a letter attaching an affidavit by **September 16, 2022**, describing the SEC's efforts to obtain the recording.  In that case, by **September 21, 2022,** the SEC shall produce transcripts, notes or summaries of that Recording and may redact any attorney's "mental impressions, conclusions, opinions, or legal theories" from its notes.  *See* Fed. R. Civ. P. 26(b)(3)(B).  The SEC shall produce ex parte and in camera the unredacted version of any document produced in redacted form.

Defendant has a substantial need for the recording, as it purportedly contains exculpatory information, and the SEC's double-hearsay argument is unpersuasive.  "Information within this scope of discovery [relevant to a claim or defense and proportional to the needs of the case] need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).

Defendant's delay in requesting this information is excused for several reasons.  First, the burden of producing a single recording or one or a handful of documents is minimal.  Second, while Defendant might have known that a recording existed in 2016, when he was not counseled, he may not have known that the recording was accessible or that it would be so relevant to his defense until the SEC recently disclosed its exhibit list identifying documents with the CI.  The fact that the SEC claims this information was logged on its privilege log suggests that Defendant requested it before, and the SEC considered it responsive.  The SEC's vague privilege log entry,

however, gave no indication of what had been withheld, and did not establish "the essential elements of the privilege" or give Defendant "sufficient detail to permit a judgment as to whether the documents are at least potentially protected from disclosure." *See Aviles v. S&P Glob., Inc.*, No. 17 Civ. 2987, 2022 WL 336951, at *2 (S.D.N.Y. Feb. 4, 2022) (cleaned up).

2.     Defendant moves to compel the production of notes and summaries of factual portions of interviews the SEC conducted with six SEC trial witnesses who have not previously been deposed during either the investigation or this lawsuit (Dkt. No. 266).  This motion is DENIED.

The untimeliness of Defendant's motion is not excused.  Defendant had notice of these potential witnesses -- and that several of them were interviewed by the SEC -- well before the close of fact discovery, when he had ample time to seek these notes or depositions of these witnesses.  Defendant's claim that he did not have a substantial need for the witnesses' prior statements until the SEC disclosed its intent to call the witnesses at trial proves too much.  If that argument were accepted, any party could forego key depositions until shortly before trial.  Defendant's argument that he could not depose all 160 witnesses disclosed in the SEC's initial disclosures rings hollow because Defendant chose not to take depositions of any former employees or customers of JTF, in which he might have developed evidence on these issues.

Even if Defendant's motion were timely, his "desire to use the interview notes for impeachment purposes does not by itself constitute substantial need," particularly because his belief that the notes contain impeachment material "rests on mere surmise or suspicion, which is insufficient to overcome work product protection." *SEC v. Collector's Coffee Inc.*, 337 F.R.D. 70, 79 (S.D.N.Y. 2020) (cleaned up).  The SEC's disclosures in its privilege log, that it withheld notes from investigative interviews and proffer sessions, alone "establish[es] the essential elements of the privilege" and "provide[d] sufficient detail to permit a judgment" as to their

privileged nature.  *See Aviles*, 2022 WL 336951, at *2 (cleaned up).  The immaterial omission of the interview dates from the privilege log also was cured long before the close of fact discovery, so Defendant's argument that the SEC waived work product protection with a deficient privilege log is unpersuasive.  Defendant's suggestion that the SEC made a subject-matter waiver by disclosing certain FBI Forms 302 ("302s") is also unavailing, because the work product protection applicable to summaries prepared by the SEC is different than the protection, if any, applicable to 302s.  *See SEC v. Strauss*, No. 09 Civ. 4150, 2009 WL 3459204, at *5 (S.D.N.Y. Oct. 28, 2009) ("This argument would have force if Hozie had sought the 302s themselves, and the SEC resisted production on the ground that its attorneys had summarized them.").

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 265 and 266.

Dated: September 9, 2022
       New York, New York

*[signature]*

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE