UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                       :

SECURITIES AND EXCHANGE         :
COMMISSION,                      :
                         Plaintiff,   :         17 Civ. 5821 (LGS)
                                         :
        -against-                      :         <u>ORDER</u>
                                         :
ROBERT GENOVESE, ET AL.,       :
                        Defendants. :
                                         :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on January 14, 2022, Plaintiff Securities and Exchange Commission

("SEC") filed four motions in limine.  The motions are resolved as follows.  All references to

Rules are to the Federal Rules of Evidence.

1.      **<u>The SEC's First MIL</u>** (Dkt. No. 188).  The SEC seeks a ruling that certain facts that

were found to be undisputed at summary judgment are established for trial in this case.  This

application is DENIED.  The parties shall meet and confer in an attempt to agree on stipulated

facts.

2.      **<u>The SEC's Second MIL</u>** (Dkt. No. 190).  The SEC moves to exclude evidence and

argument at trial that Mirman reasonably relied on counsel or compliance professionals as a

defense to claims of securities fraud.  This motion is DENIED.

      Mirman's reliance on counsel is highly probative of the material fact of whether Mirman

acted with the requisite intent.  *See United States v. Scully*, 877 F.3d 464, 474-76 (2d Cir. 2017).

With respect to the allegedly false "Brokers Representation Letter" ("Broker Rep Letter"),

Mirman has made at least a sufficient "preliminary showing" that his general practice was for

lawyers and compliance professionals in the compliance department to vet such letters, i.e., to

implicitly, if not explicitly, seek and rely on legal and compliance advice about their language. *See SEC v. Westport Cap. Mkts., LLC.*, No. 3:17-cv-02064, 2020 WL 948434, at *4 (D. Conn. Feb. 27, 2020) (citing *Scully*, 877 F.3d at 464).  With respect to Mirman's alleged assistance with Genovese's "scalping" fraud, Mirman has made a showing that, not only were lawyers present for certain meetings, but Mirman specifically sought legal advice as to Genovese's insider status. Unlike in *SEC v. Tourre*, 950 F. Supp. 2d 666, 682 (S.D.N.Y. 2013), Mirman has not disclaimed an advice-of-counsel defense.  Therefore, contrary to the SEC's argument based on Rule 403, the probative value of this evidence on the material issue of intent outweighs any danger of jury prejudice or confusion.

3.      **The SEC's Third MIL** (Dkt. No. 192).  The SEC seeks to exclude certain testimony of Mirman's expert witness James Reilly to the extent it addresses Mirman's reliance on counsel, and on the ground that Reilly's testimony would usurp the jury's role as the finder of fact and/or the Court's role in instructing the jury on the law.  This application is GRANTED in part and DENIED in part under Rule 702.

To the extent the SEC argues for blanket exclusion of expert testimony regarding the reasonableness of Mirman's reliance on advice of counsel and compliance professionals, that application is denied for the reasons discussed above.  Reilly is precluded from testifying to ultimate conclusions of fact or law, because such opinions do not assist the jury under Rule 702 but simply substitute the expert's judgment for the jury's.  Precluded opinions include (1) the ultimate conclusions in the point headings of Section VI of Reilly's report, i.e., that Mirman was not a "necessary participant" or "'but for' cause" of the sale of stock; that Mirman "reasonably relied" on JTF's compliance and legal departments; that Mirman "did not cause, counsel, aid and abet, command, induce or procure the commission of any manipulative act;" (2) opinions as to

2

what legal requirements were binding on Mirman (e.g., "duties of disclosure requirements under the securities law" in paragraph 34 of his report) and (3) opinions as to Mirman's state of mind (e.g., understanding, knowledge and reliance in paragraphs 39, 40, 41 and 42).  Reilly is permitted, however, to testify to his opinions as to whether Mirman's conduct and the structures of the firms he worked at comported with industry standards and practices.  Reilly's specialized industry knowledge will assist the jury in understanding the evidence of Mirman's conduct.

4.      **The SEC's Fourth MIL** (Dkt. No. 194).  The SEC seeks a ruling that the SEC may introduce evidence and inform the jury of the facts that Robert Genovese was charged in this case with securities fraud and settled those charges, and that Anastasios "Tommy" Belesis settled related charges in an administrative proceeding.  This application is DENIED under Rules 408 and 403.

The SEC acknowledges that it bears the burden of proving a principal's primary liability in order to prove Mirman's secondary liability, and that settlement evidence is inadmissible to prove liability.  The SEC argues that the settlements are admissible to avoid "juror confusion" and prejudice to the SEC that would result if the jury speculates about why only Mirman is on trial.  In this case, any minor risk of such confusion or prejudice will be addressed with a jury instruction.  The SEC has not suggested any other permitted purpose for admitting the settlements under Rule 408.  Even if they did have some probative value, it is substantially outweighed by the prejudice that would be caused if the jury were to infer "guilt by association" and assume that Genovese and Belesis admitted to wrongdoing and consequently Mirman must have engaged in misconduct as well.  In sum it is:

**ORDERED** that the SEC's application for a ruling (i) establishing for trial certain facts found to be undisputed at summary judgment is DENIED; (ii) excluding evidence and argument

3

that Mirman reasonably relied on counsel or compliance professionals is DENIED; (iii)

excluding anticipated testimony of Mirman's expert witness James Reilly is GRANTED in part

and DENIED in part and (iv) admitting evidence of the facts of related persons' settlements with

the SEC is DENIED.

     The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 188, 190,

192, 194.

Dated: September 14, 2022
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE